FILED
11/12/2019
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 4, 2019

### IN RE B.A. ET AL.

**Appeal from the Chancery Court for McNairy County**
No. A-295    Martha B. Brasfield, Chancellor

_____

### No. W2019-00129-COA-R3-PT

_____

Father appeals the termination of his parental rights to two children, B.A. and K.A. The trial court considered six grounds for termination: (1) persistent conditions, pursuant to Tenn. Code Ann. § 36-1-113(g)(3)(A); (2) severe child abuse, pursuant to Tenn. Code Ann. § 36-1-113(g)(4); (3) sentencing to more than two years for conduct against a child, pursuant to Tenn. Code Ann. § 36-1-113(g)(5); (4) sentencing to ten years or more and child under eight years of age, pursuant to Tenn. Code Ann. § 36-1-113(g)(6); (5) non-compliance with a permanency plan, pursuant to Tenn. Code Ann. § 36-1-113(g)(2); and (6) abandonment, pursuant to Tenn. Code Ann. § 36-1-113(g)(1). The court did not find sufficient evidence to support termination of father's parental rights for abandonment. The court found clear and convincing evidence on the other five grounds. By the same quantum of proof, the court also found that termination is in the children's best interest. Father appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Jamie L. Lowrance, Selmer, Tennessee, for the appellant, J.A.

Joe L. Brown, Savannah, Tennessee, for the appellees, T.M. and F.M.

Melissa G. Stewart, Savannah, Tennessee, Guardian ad Litem for B.A. and K.A.

No appearance by or on behalf of mother, L.P.

-1-

# OPINION

## I.

J.A. is the biological father of the two children, B.A. and K.A. L.P. is the children's mother. F.M. is the children's maternal aunt; she is married to T.M. On October 16, 2014, Hardin County Juvenile Court granted F.M. legal and physical custody of B.A.; she and her husband have retained custody of B.A. since the entry of that order. On March 3, 2015, the court held that K.A. was dependent and neglected, and granted F.M. legal and physical custody of K.A.; she and her husband have retained custody of K.A. since the entry of that order.

On April 21, 2015, B.A. was held to be a drug exposed child. Specifically, the court held that father was positive on a nail follicle drug test for amphetamine, methamphetamine, cocaine, and opiates. The court also found that B.A. was positive for cocaine and its metabolites on a hair follicle drug screen. Accordingly, the court held that, as to B.A., mother and father had committed severe child abuse. The trial court set child support for each parent in the amount of $430.00 per month, effective May 1, 2015. The court further set forth a list of requirements for the parents to complete prior to receiving additional visitation or custody.

On August 15, 2017, T.M. and F.M. filed a petition to terminate mother and father's parental rights. On October 16, 2017, the court appointed a guardian ad litem. On April 24, 2018, T.M. and F.M. filed an amended petition. On June 25, 2018, the court entered a default judgment terminating mother's parental rights;[1] T.M. and F.M. were granted partial guardianship and legal custody of B.A. and K.A.

On December 7, 2018, father filed his answer. On December 10, 2018, a hearing was held on the petition. In the resulting order terminating father's parental rights, the court held that the petitioners had proven by clear and convincing evidence five grounds for termination:

> (a) Child removed from the home for 6 months and conditions persist § 36-1-113(g)(3)(A). [J.A.] testified that he had been on drugs since he was 12 years old and his drug use occurred before the children were born and continued after they were born.
>
> (b) Severe child abuse or failure to protect any child § 36-1-113(g)(4). A certified copy of the Juvenile Court of Hardin

---

[1] Mother did not appeal the termination of her parental rights.

-2-

County Tennessee in Docket Number 14-JV-1544 was admitted into evidence as exhibit #2 showing that [J.A.] tested positive for amphetamine, methamphetamine, cocaine and opiates. The Court found that the child, [B.A.], was positive for cocaine/metabolites on a hair follicle drug test and was subjected to severe abuse by both her parents.

(c) Sentenced to more than two (2) years for conduct against a child § 36-1-113(g)(5); [J.A.] testified that as a result of severe abuse as to [B.A.] he received and pled to a sentence of 8 years to serve one (1) year in either jail or rehab and the remainder on probation.

(d) Sentenced to ten (10) years or more and child under eight (8) years of age § 36-1-113(g)(6); [J.A.] testified that he was found guilty in Hardin County Tennessee of possessing a firearm while committing a dangerous felony and was sentence to serve 15 years while his children were under the age of eight (8) years old.

(e) Non-Compliance with permanency Plan § 36-1-113(g)(2). Steps were given [J.A.] in the Juvenile Court of Hardin County in both Dockets Number 2014-JV-1544 and 2015-JV-1575 to file a motion to increase visitation/change custody upon completion and [J.A.] failed to complete any steps laid out in those orders.

The court then considered the best interest factors enumerated in Tenn. Code Ann. § 36-1-113(i) in order to determine whether termination of father's parental rights is in the children's best interest. The court stated that father has a long history of drug abuse, and has been unsuccessful at rehabilitation. He has never had custody of K.A. and has little contact with B.A.; he failed to complete the steps set out by the court to increase visitation or obtain custody. The court held that, because the children had been living with T.M. and F.M. continuously since on or before April 21, 2015, it would be detrimental to the children to change custody. The court held that father had been sentenced to a lengthy jail term, and that his incarceration renders him unable to regularly visit or support the children. The court further stated that father had been found guilty of severe child abuse, as to B.A., and that it was held to be sufficient to constitute severe abuse against K.A., pursuant to Tenn. Code Ann. § 36-1-113(g)(4). Accordingly, the court concluded that termination of father's parental rights is in the children's best interest. Father appeals.

-3-

## II.

Father asks this Court to consider whether the trial court erred by finding clear and convincing evidence that it was in the children's best interest to terminate his parental rights.

## III.

A parent has a fundamental right, based on both the federal and state constitutions, to the care, custody, and control of his or her child. *Stanley v. Ill.*, 405 U.S. 645, 651 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174-75 (Tenn. 1996). While this right is fundamental, it is not absolute. The State may interfere with a parent's rights in certain circumstances. *In re Angela E.*, 303 S.W.3d at 250. Our legislature has listed the grounds upon which termination proceedings may be brought. Tenn. Code Ann. § 36-1-113(g)(2018). Termination proceedings are statutory, *In re Angela E.*, 303 S.W.3d at 250; *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004), and a parent's rights may be terminated only where a statutory basis exists. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *In the Matter of M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998).

To terminate parental rights, a court must determine by clear and convincing evidence the existence of at least one of the statutory grounds for termination and that termination is in the child's best interest. Tenn. Code Ann. § 36-1-113(c); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010) (citations omitted). Unlike the preponderance of the evidence standard, "[e]vidence satisfying the clear and convincing standard establishes that the truth of the facts asserted is highly probable." *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005).

Once a ground for termination is established by clear and convincing evidence, the trial court conducts a best interest analysis. *In re Angela E.*, 303 S.W.3d at 251 (citing *In re Marr*, 194 S.W.3d 490, 498 (Tenn. Ct. App. 2005)). "The best interest[ ] analysis is separate from and subsequent to the determination that there is clear and convincing evidence of grounds for termination." *Id.* at 254. The existence of a ground for termination "does not inexorably lead to the conclusion that termination of a parent's rights is in the best interest of the child." *In re C.B.W.*, No. M2005-01817-COA-R3-PT, 2006 WL 1749534, at *6 (Tenn. Ct. App., filed June 26, 2006).

We are required to review all of the trial court's findings with respect to grounds and best interest. *In re Carrington*, 483 S.W.3d 507, 525-26 (Tenn. 2016) ("[W]e hold that in an appeal from an order terminating parental rights the Court of Appeals must

review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interest[ ], regardless of whether the parent challenges these findings on appeal.")

The Supreme Court has stated our standard of review:

> An appellate court reviews a trial court's findings of fact in termination proceedings using the standard of review in Tenn. R. App. P. 13(d).  Under Rule 13(d), appellate courts review factual findings de novo on the record and accord these findings a presumption of correctness unless the evidence preponderates otherwise.  In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights.  The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review de novo with no presumption of correctness.  Additionally, all other questions of law in parental termination appeals, as in other appeals, are reviewed de novo with no presumption of correctness.

*Id.* at 523-24 (internal citations omitted). "When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to . . . the trial court's factual findings." *In re Adoption of S.T.D.*, No. E2007-01240-COA-R3-PT, 2007 WL 3171034, at *4 (Tenn. Ct. App., filed Oct. 30, 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co., Inc.*, 984 S.W.2d 912, 915 (Tenn. 1999)).

### IV.

### A.

Tenn. Code Ann. § 36-1-113(g)(3)(A) authorizes the termination of parental rights when:

> [t]he child has been removed from the home or the physical or legal custody of a parent or guardian for a period of six (6) months by a court order entered at any stage of proceedings in

which a petition has been filed in the juvenile court alleging that a child is a dependent and neglected child, and:

> (i) The conditions that led to the child's removal still persist, preventing the child's safe return to the care of the parent or guardian, or other conditions exist that, in all reasonable probability, would cause the child to be subjected to further abuse or neglect, preventing the child's safe return to the care of the parent or guardian;

> (ii) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent or guardian in the near future; and

> (iii) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable, and permanent home

Tenn. Code Ann. § 36-1-113(g)(3)(A). Father testified at the termination hearing that he had been on drugs since he was twelve years old. The court stated that attempts at rehabilitation have been unsuccessful. Father's drug use occurred before the children were born, led to their removal, and has continued uninterrupted thereafter. Therefore, the conditions that led to the children's removal persist. We affirm the termination of father's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(3)(A).

**B.**

Tenn. Code Ann. § 36-1-113(g)(4) authorizes the termination of parental rights when:

> [t]he parent or guardian has been found to have committed severe child abuse, as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against any child

At the termination hearing, an exhibit was entered evincing that father had previously tested positive on a nail follicle drug test for amphetamine, methamphetamine, cocaine, and opiates; at the same time, B.A. tested positive for cocaine/metabolites on a hair

follicle drug test. On May 22, 2015, the court held that father committed severe child abuse, because he either knowingly exposed B.A. to cocaine, or because of deliberate ignorance or reckless disregard for the child's safety, failed to protect her from exposure to cocaine. Therefore, we hold that the trial court did not err in holding that clear and convincing evidence exists to terminate father's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(4).

Correspondingly, Tenn. Code Ann. § 36-1-113(g)(5) authorizes the termination of parental rights when:

> [t]he parent or guardian has been sentenced to more than two (2) years' imprisonment for conduct against the child who is the subject of the petition, or for conduct against any sibling or half-sibling of the child or any other child residing temporarily or permanently in the home of such parent or guardian, that has been found under any prior order of a court or that is found by the court hearing the petition to be severe child abuse, as defined in § 37-1-102. Unless otherwise stated, for purposes of this subdivision (g)(5), "sentenced" shall not be construed to mean that the parent or guardian must have actually served more than two (2) years in confinement, but shall only be construed to mean that the court had imposed a sentence of two (2) or more years upon the parent or guardian

The trial court stated father testified that, as a result of the severe abuse of B.A., he received a jail sentence of eight years. He is to serve one year in either jail or rehab and the remainder on probation. We hold that the trial court did not err in holding that clear and convincing evidence exists to terminate father's parental rights, pursuant to Tenn. Code Ann. § 36-1-113(g)(5).

### C.

Tenn. Code Ann. § 36-1-113(g)(6) authorizes the termination of parental rights when:

> [t]he parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court

Tenn. Code Ann. § 36-1-113(g)(6). At the termination hearing, father testified that he was found guilty of possessing a firearm while committing a dangerous felony, and sentenced to serve fifteen years when the two children were under eight years old. Therefore, we affirm the termination of father's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(6).

**D.**

Lastly, Tenn. Code Ann. § 36-1-113(g)(2) authorizes the termination of parental rights when there has been substantial noncompliance by the parent or guardian with the statement of responsibilities in a permanency plan. The trial court held that father, when given the opportunity, failed to complete any steps laid out in the court's prior orders in order to increase visitation or seek a change of custody. The evidence does not preponderate against this finding. Therefore, we affirm the termination of father's parental rights pursuant to Tenn. Code Ann. § 36-1-113(g)(2).

**V.**

The trial court held that termination of father's parental rights is in the children's best interest. Father argues on appeal that

> [i]n this matter, the court found by clear and convincing evidence that there were multiple grounds for which the father's parental rights could be terminated. However, the factors found by the court that it would be in the minor children's best interests for the father's parental rights to be terminated do not meet the standard of clear and convincing evidence given the facts of this matter. It is without dispute that the father is serving a prison sentence of at least ten (10) years and is thus unable to have custody of the minor children. The minor children in this matter will be teenagers by the time the father is eligible for release. The current custodians,[T.M. and F.M.], will be in their late sixties or seventies. Termination of the father's parental rights will have the sole effect of preventing him, or his family, from ever being involved in their life.

> \*   \*   \*

> The factors required before the father would be able to have visitation /custody of the minor children ensure that their best

interests would be met after the father finishes his sentence. Either the father would complete these requirements and thus be suitable to be involved in the lives of the children, or he would not, and they would be in the same position they are now.

Additionally, the minor children would have the protection of the factors to be considered in Tenn. Code Ann. § 36-1-113. Admittedly, many of these factors would preponderate against the father no matter what he does when he is released. Despite the factors required for termination being present, when considering the totality of the circumstances, the weight of the evidence does not reach the standard of clear and convincing proof that termination is in the best interests of the minor children.

In parental termination matters, the focus of the best interest analysis is on what is best for the child, not what is best for the parent. *In re Christopher J.*, 2017 WL 5992359, at *4–5 (Tenn. Ct. App. Dec. 4, 2017). The analysis should take into account "the impact on the child of a decision that has the legal effect of reducing the parent to the role of a complete stranger." *In re C.B.W.*, 2006 WL 1749534, at *6 (Tenn. Ct. App. June 26, 2006). As the Supreme Court explained,

[a]scertaining a child's best interests involves more than a "rote examination" of the statutory factors. And the best interests analysis consists of more than tallying the number of statutory factors weighing in favor of or against termination. Rather, the facts and circumstances of each unique case dictate how weighty and relevant each statutory factor is in the context of the case. Simply put, the best interests analysis is and must remain a factually intensive undertaking, so as to ensure that every parent receives individualized consideration before fundamental parental rights are terminated. Depending upon the circumstances of a particular child and a particular parent, the consideration of one factor may very well dictate the outcome of the analysis. But this does not mean that a court is relieved of the obligation of considering all the factors and all the proof. Even if the circumstances of a particular case ultimately result in the court ascribing more weight—even outcome determinative weight—to a particular statutory factor, the court must consider all of the statutory factors, as well as any other relevant proof any party offers.

***In re Gabriella D.***, 531 S.W.3d 662 (Tenn. 2017) (Internal citations and quotations omitted).

As outlined *infra*, the trial court held that father failed to make a lasting adjustment to his circumstances. He has a long history of drug use, and has not successfully been rehabilitated. He has engaged in criminal activity, which has resulted in a lengthy period of incarceration. His current incarceration renders him unable to consistently visit or provide support for the children. Furthermore, the trial court held that father committed severe child abuse. The evidence does not preponderate against these findings. We hold that the combined weight of the facts amounts to clear and convincing evidence that termination of father's parental rights is in the children's best interest.

## VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, J.A. Case remanded for enforcement of the trial court's judgment and collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE